Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN TORRES,** | ) Case No.: <br> ) <br> ) **COMPLAINT FOR DAMAGES** <br> ) **1. VIOLATION OF THE** <br> ) **TELEPHONE CONSUMER** <br> ) **PROTECTION ACT, 47 U.S.C.** <br> ) **§227 ET. SEQ.;** <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| **CHARTER COMMUNICATIONS,** | |
| Defendant. | |

## COMPLAINT

JOHN TORRES ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CHARTER COMMUNICATIONS ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Whittier, California 90602.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at 400 Atlantic Street, Stamford, Connecticut 06901.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in July 2016 and continuing thereafter, Defendant placed repeated calls to Plaintiff on his cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice or message.

14. Plaintiff knew Defendant was contacting him using an automated telephone dialing system because the calls would begin with silence before quickly ending upon answering the calls.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged account balance.

16. Plaintiff spoke to Defendant in August 2016 and requested that Defendant stop calling him.

17. Defendant heard and acknowledged Plaintiff's request to cease calling by responding that they "couldn't stop calling because you're on the automated system."

18. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

PLAINTIFF'S COMPLAINT

19. Thereafter Defendant continued to call Plaintiff's cellular telephone through October 2016.

20. These calls were particularly annoying and frustrating for Plaintiff since Defendant would contact him while he was at work, so he downloaded a blocking application in order to stop Defendant's repeated calls.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, on and after August 2016, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JOHN TORRES, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN TORRES, demands a jury

trial in this case.

                                            Respectfully submitted,

DATED: June 8, 2017                By: /s/ Amy Lynn Bennecoff Ginsburg
                                            Amy Lynn Bennecoff Ginsburg, Esq. (275805)
                                            Kimmel & Silverman, P.C.
                                            30 East Butler Pike
                                            Ambler, PA 19002
                                            Telephone: (215) 540-8888
                                            Facsimile (215) 540-8817
                                            Email: aginsburg@creditlaw.com
                                            Attorney for Plaintiff